**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VENCO IMTIAZ CONSTRUCTION COMPANY )<br>c/o Gross & Romanick, P.C. )<br>3975 University Drive, Suite 410 )<br>Fairfax, VA 22030 )<br> )<br>v. )<br> )<br>SYMBION POWER SERVICES U.S., INC. )<br>1919 Pennsylvania Avenue, NW, Suite 775 )<br>Washington, DC 20006 )<br> )<br>and )<br> )<br>SYMBION POWER, LLC )<br>Chrysler Building )<br>405 Lexington Avenue, 26th Floor )<br>New York, New York 10174 ) | **CASE NO. 17-2509** |

**COMPLAINT**

COMES NOW Plaintiff Venco Imtiaz Construction Company (hereinafter "Plaintiff" or "VICC")), by counsel, and files this Complaint against Symbion Power Services U.S., Inc. ("SPSUS") and Symbion Power, LLC ("SPLLC") on the following grounds:

**JURISDICTION AND VENUE**

1. Plaintiff VICC is a foreign corporation duly organized and existing under the laws of the nation of Afghanistan, with its principal office in the City of Kabul, Afghanistan, located at Street 15, Lane 2, House 52 Wazir Akbar Kahn Kabul, Afghanistan.

2. Plaintiff is a judgment creditor of Defendant SPLLC pursuant to a judgment entered in this Honorable Court on May 31, 2017. ("Judgment")

3. Plaintiff had a claim against Defendant SPLCC at least as recently as July 11, 2016 pursuant to the arbitration award confirmed by the Judgment.

4.      Defendant SPLLC is a Delaware Limited Liability Company with its principal place of business located in New York.

5.      Defendant SPSUS is a Delaware Corporation with its principal place of business located in Washington, D.C.  Although SPSUS's authority to transact business in the District of Columbia has been revoked, SPSUS maintains a Washington, D.C. address on its bank accounts.

6.      Jurisdiction in this Honorable Court is appropriate pursuant to 28 U.S.C. § 1332 because VICC is a citizen of a foreign state and Defendants are citizens of the United States.  Moreover the amount in controversy in in excess of $75,000.

7.      This Court has personal jurisdiction over the Defendants.

8.      Venue is appropriate in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2) because the funds at issue in this matter were deposited in an account with a Washington, D.C. address.

## FACTS COMMON TO ALL COUNTS

9.      On or about February 28, 2017, SPLLC issued a confidential invoice to a customer directing payment to a numbered bank account (hereinafter, the "Bank Account") maintained at a certain bank hereinafter referred to as "the Bank".  A copy of the invoice, though designated confidential and subject to a protective order, can be provided to the Court for *in camera* review.

10.     The Bank Account is held in the name of SPSUS.

11.     SPSUS is an affiliate of SPLLC.

12.     The Bank Account maintained by SPSUS is the parent account in a zero balance account structure in which SPLLC maintains or maintained a subsidiary account.

13. Between July 1, 2016 and present, SPLLC has transferred $740,505.81 to the Bank Account (the "Conveyances").

14. SPLLC is insolvent within the meaning of D.C. Code § 28-3102.

## COUNT I: FRAUDULENT CONVEYANCE
### (in violation of D.C. Code § 28-3104)

15. The allegations contained in Paragraphs 1 through 11 above are incorporated as if fully set forth herein.

16. Defendant SPLLC made the Conveyances with the actual intent to hinder or delay collection of the Judgment and the underlying arbitral award.

17. Specifically, the Conveyances were made to an insider that is owned, operated or controlled by substantively the same individuals.

18. The Conveyances were not disclosed in discovery conducted in aid of execution.

19. The Conveyances were made after suit had been filed and after the arbitral award had been entered.

20. SPLLC received no consideration in exchange for the Conveyances.

21. The Conveyances represent substantially all of the assets of SPLLC and have rendered SPLLC insolvent.

22. SPLLC received nothing of reasonably equivalent value in exchange for the Conveyances.

23. SPLLC knew of the arbitral award at the time of the Conveyances and further knew that the arbitral award was beyond SPLLC's ability to pay.

24. The Conveyances were made by SPLLC and SPSUS with actual malice toward payment of the obligation owed to VICC.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court

    (a) Avoid the transfer of $740,505.81 from SPLLC to SPSUS and require SPSUS to repay such sum to SPLLC pursuant to D.C. Code § 28-3107(a)(1);

    (b) Attach the sum of $740,505.81 upon its repayment to SPLLC pursuant to D.C. Code § 28-3107(a)(2);

    (c) Enter an injunction against both SPLLC and SPSUS against further disposition of any property transferred by SPLLC pursuant to D.C. Code § 28-3107(a)(3)(A);

    (d) Enter an order authorizing the Plaintiff to proceed to levy against SPSUS up to the amount of $740,505.81 pursuant to D.C. Code § 28-3107(b);

    (e) Enter an award of punitive damages against both SPLLC and SPSUS in the amount of $250,000.00; and

    (f) Award the Plaintiff the reasonable attorney fees incurred in bringing this action.

## COUNT II:  FRAUDULENT CONVEYANCE
**(in violation of D.C. Code § 28-3105)**

25.     The allegations contained in Paragraphs 1 through 11 above are incorporated as if fully set forth herein.

26.     VICC's claim against SPLLC arose before the date of the Conveyances.

27.     SPLLC did not receive reasonably equivalent value for the Conveyances.

28.     SPLLC was insolvent at the time of the Conveyances or was rendered insolvent by the Conveyances.

29. Even if SPLLC did receive value in exchange for the Conveyances, the Conveyances were made to an insider for a pre-existing debt who knew or should have known that SPLLC would be rendered insolvent by the Conveyances.

30. The Conveyances were made by SPLLC and SPSUS with actual malice toward payment of the obligation owed to VICC.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court

(a) Avoid the transfer of $740,505.81 from SPLLC to SPSUS and require SPSUS to repay such sum to SPLLC pursuant to D.C. Code § 28-3107(a)(1);

(b) Attach the sum of $740,505.81 upon its repayment to SPLLC pursuant to D.C. Code § 28-3107(a)(2);

(c) Enter an injunction against both SPLLC and SPSUS against further disposition of any property transferred by SPLLC pursuant to D.C. Code § 28-3107(a)(3)(A);

(d) Enter an order authorizing the Plaintiff to proceed to levy against SPSUS up to the amount of $740,505.81 pursuant to D.C. Code § 28-3107(b);

(e) Enter an award of punitive damages against both SPLLC and SPSUS in the amount of $250,000.00; and

(f) Award the Plaintiff the reasonable attorney fees incurred in bringing this action.

Respectfully Submitted,
VENCO IMTIAZ CONSTRUCTION COMPANY
By Counsel

\_\_\_\_/s/ A. Charles Dean_____
Jeffrey S. Romanick, DC Bar # 441800
A. Charles Dean, DC Bar # 983256
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)
adean@gross.com